IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LARRY JAMES ORTIZ, #A0053511,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>UNIDENTIFIED,<br><br>　　　　Respondent. | CIV. NO. 16-000259 SOM/KSC<br><br>ORDER DISMISSING PETITION WITH LEAVE TO AMEND |

**ORDER DISMISSING PETITION WITH LEAVE TO AMEND**

Before the court is pro se petitioner Larry James Ortiz's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. For the following reasons, the Petition is DISMISSED with leave granted to amend on or before July 5, 2016.

### I.　BACKGROUND[1]

On October 4, 1988, Ortiz was convicted in the Circuit Court of the First Circuit, State of Hawaii ("circuit court"), of two counts of Robbery in the First Degree, two counts of Kidnapping, Burglary in the First Degree, and Possession of Firearm by a Person Convicted of Certain Crimes, in Cr. No. 88-0459. *Ortiz*, 2016 WL 300214, at *1. The circuit court sentenced Ortiz to concurrent terms of life with the possibility of parole for the Robbery and Kidnapping convictions, and twenty-year terms for the

---

[1] These facts are taken from *Ortiz v. State*, No. CAAP-14-0001136, 2016 WL 300214, at *1 (Haw. App. Jan. 22, 2016), *cert. rejected*, 2016 WL 2984230 (Apr. 6, 2016), because the Petition lacks any supporting details. *See* 28 U.S.C. § 2254(e)(1); *see also McNeal v. Adams*, 623 F.3d 1283, 1285 n.1 (9th Cir. 2010) (citing *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004)).

Burglary and Possession of Firearm convictions.  *Id.*  The Hawaii Supreme Court affirmed on August 15, 1989.  *Id.*

On or about November 20, 2007, Ortiz, proceeding pro se, filed a post-conviction petition pursuant to Rule 40 of the Hawaii Rules of Penal Procedure ("HRPP")("First Rule 40 Petition").  *Id.; see also Ortiz v. State*, No. 29240, 2009 WL 3063324, at *1 (Haw. App. Sept. 25, 2009).  The circuit court denied the First Rule 40 Petition, and the Intermediate Court of Appeals ("ICA") affirmed on September 25, 2009.[2]  *Id.;* 2016 WL 300214, at *1.

Four years later, on or about December 23, 2013, Ortiz filed another pro se Rule 40 Petition ("Second Rule 40 Petition").  *Id.*  He alleged ten grounds for relief under the United States Constitution, the Hawaii constitution, and Hawaii state law.  On August 21, 2014, the circuit court denied the Second Rule 40 Petition.  *Id.* at *2.

On January 22, 2016, the ICA affirmed, holding that "the issues in the Second [Rule 40] Petition are waived and relief pursuant to HRPP Rule 40 is not available," because Ortiz failed to prove extraordinary circumstances justifying his failure to

---

[2] On appeal, Ortiz argued that his extended sentences were (1) void ab initio under state law, and (2) illegal under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *State v. Maugaotega*, 115 Haw. 432, 168 P.3d 562 (2007).  *See Ortiz v. State*, No. 29240, 2009 WL 3063324, at *1 (Haw. App. Sept. 25, 2009).

raise the issues on direct appeal or in the First Rule 40 Petition. *Id.* The ICA further held that, even if Ortiz's claims were not waived, they were without merit. *Id.* at *2-3. On April 6, 2016, the Hawaii Supreme Court rejected certiorari. *See Ortiz*, 2016 WL 2984230, at *1.

Ortiz completed the present federal Petition on May 18, and it was received and filed on May 23, 2016. The Petition names no Respondent and refers to two different state criminal convictions: (1) Cr. No. 88-0459 and (2) Cr. No. 95-2198 (for Escape in the Second Degree).

Ortiz raises two claims for relief: (1) the imposition of an extended term sentence was illegal (Ground One); and (2) ineffective assistance of counsel (Ground Two). Although his claims are not clearly outlined, Ortiz appears to allege that, because the Robbery and Kidnapping charges involved only one "episode," or course of conduct, they cannot support an extended term sentence. He also argues that his attorney was ineffective in failing "to file [a] motion for illegal search and seizure" as Ortiz says he requested.

## II. **LEGAL STANDARD**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss

>the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. *See Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

### III. DISCUSSION

First, a petitioner seeking a writ of habeas corpus must name as a respondent to the petition the state officer having custody of him. *See* Rule 2(a) of the Rules Governing § 2254 Cases; *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996); *Stanley v. Cal. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994). The correct respondent is normally the warden of the facility in which the petitioner is incarcerated, or the chief officer in charge of state penal institutions. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992). Ortiz is DIRECTED to file an amended petition naming the official with the ability to release him from custody as Respondent.

Second, although it appears that Ortiz attacks his judgment of conviction in Cr. No. 88-0459, he also refers to his conviction in Cr. No. 95-2198, making it unclear what is being challenged.  "A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court."  *See* Rule 2(e) of the Rules Governing § 2254 Cases.  Ortiz is DIRECTED to clarify which conviction or sentence he challenges if he files an amended petition.

Third, Ortiz fails to specify the federal bases for his challenge to his convictions or sentences.  That is, he fails to allege "that he is in custody in violation of the Constitution or laws or treaties of the United States."  *See* 28 U.S.C. § 2254(a).  The court cannot make an educated guess as to what federal provisions Ortiz alleges were violated during his state proceedings.  Ortiz is DIRECTED to clarify the federal bases for his claims.

Fourth, a one-year limitation period applies to applications for writs of habeas corpus, subject to certain tolling conditions.  *See* 28 U.S.C. § 2244(d)(1)[3] and (2) (tolling the

---

[3] Under 28 U.S.C. § 2244(d)(1), there is a one-year period of limitation on an application for writ of habeas corpus by a person in custody pursuant to a state court judgment.  The limitation period runs from the latest of-

    (A)   the date on which the judgment became final by the
(continued...)

statute while a "properly filed" State post-conviction petition is pending). Ortiz is NOTIFIED that the Petition appears time-barred on its face, notwithstanding his explanation that he is illiterate and required help to file the Petition.[4]

---

[3] (...continued)
conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[4] Equitable tolling is available when "extraordinary circumstances beyond a prisoner's control ma[d]e it impossible to file a petition on time." *Roy v. Lampert*, 465 F.3d 964, 968 (9th Cir. 2006); *see also Holland v. Florida*, 560 U.S. 631 (2010). In the amended petition, if Ortiz continues to say that his illiteracy hindered the filing of the petition, he must show that his illiteracy is an "'extraordinary circumstance' beyond his control" that rendered it impossible to timely file a petition, *and* that, although he diligently pursued his claims, his illiteracy made it impossible to meet the deadline under the totality of the circumstances and despite reasonable access to assistance. *See Stancle v. Clay*, 692 F.3d 948, 958-60 (9th Cir. 2012) (holding equitable tolling unavailable when inmate failed to show he could not have filed a timely petition with the assistance he was receiving) (citing *Bills v. Clark*, 628 F.3d 1092, 1100 (9th Cir. 2010)).

Fifth, to the extent Ortiz alleges here (as he did in his First Rule 40 Petition) that his extended term sentences violate the doctrine set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), as applied in Hawaii by *State v. Maugaotega*, 115 Hawai'i 432, 168 P.3d 562 (2007), he is NOTIFIED that neither *Apprendi* nor *Maugaotega* applies retroactively to extended term sentences imposed in 1988. *Carrington v. United States,* 503 F.3d 888, 893 (9th Cir. 2007).

Finally, to the extent Ortiz argues that his counsel was ineffective in failing to move to suppress evidence at trial under the Fourth Amendment's exclusionary rule, he is notified that generally such claims are not cognizable on federal habeas relief. *See Stone v. Powell*, 428 U.S. 465, 494 (1976) (stating that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial"). The only inquiry this court can make regarding such claims is whether Ortiz had a fair opportunity to litigate his claim, "not whether he did, in fact, do so, or even whether the claim was correctly decided." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996).

## IV.  CONCLUSION

(1) The Petition is DISMISSED with leave to amend on or before July 5, 2016.  Ortiz must file the amended petition on court forms, name the proper respondent, clarify which conviction he challenges, assert the federal bases for such claims, and detail the facts supporting those grounds.

(2) Ortiz is NOTIFIED that his Petition appears time-barred on its face.  He is DIRECTED to explain why his claims are not time-barred under 28 U.S.C. § 2244(d), or why he is entitled to equitable tolling.

(3) Ortiz is DIRECTED to submit the filing fee or an in forma pauperis application as previously directed.  *See* Doc. No. 4.  He need not submit another prison trust account statement.

(4) The Clerk of Court SHALL send Ortiz a blank petition for writ of habeas corpus and an in forma pauperis application and instructions so he may comply with this order.

(5) Failure to timely comply with the directions in this Order SHALL result in dismissal of this action without prejudice.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 6, 2016.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Ortiz,* Civ. No. 16-00259 SOM/KSC; OSCs Hab 2016 Ortiz som 16 259