IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LARRY JAMES ORTIZ, #A0053511, | ) CIV. NO. 16 000259 SOM/KSC ) |
| | ) ORDER SETTING PRELIMINARY |
| Petitioner, | ) HEARING ) |
| vs. | ) ) |
| JOSEPH TAYLOR, | ) ) |
| Respondent. | ) ) |
| _____ | ) |

## ORDER SETTING PRELIMINARY HEARING

### I.   BACKGROUND

On May 23, 2016, pro se petitioner Larry James Ortiz filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Pet., ECF No. 1.  In the Petition, Ortiz states that he is "unable to read and write," and that his illiteracy prevented him from filing earlier, but that he had assistance in filing the Petition.  *Id.*, PageID #13.  Ortiz does not identify his assistant.  It appears that Ortiz personally signed the Petition.

On June 6, 2016, the court dismissed Ortiz's Petition because it challenged two separate criminal

convictions, appeared time barred on its face, failed to name a respondent, and otherwise failed to state a claim.  *See* Order Dismissing Petition With Leave to Amend ("Dismissal Order"), ECF No. 5.  The court carefully explained these deficiencies and gave Ortiz leave to amend on or before July 5, 2016.

On July 7, 2016, Ortiz wrote the court requesting appointment of the Federal Public Defender to represent him because he is illiterate.  ECF No. 8.  Ortiz attached two letters from the Federal Public Defender to him, dated January 28, 2015, and June 17, 2016, in support of his request.  *See* ECF Nos. 8 1, 8 2.  These letters detail Ortiz's efforts to obtain the Federal Public Defender's representation in state or federal court in 2005, 2010, 2015, and 2016.  In response, the undersigned sent Ortiz another copy of the Dismissal Order and explained again what he must do to proceed. Letter, ECF No. 9.

On August 15, 2016, inmate Mickey A. Maddox submitted a letter to the court regarding the issues presented in Ortiz's Petition, apparently seeking

permission to assist Ortiz.  ECF No. 11.  Because Maddox's letter did not say that Ortiz had sought his help, or that he was in communication with Ortiz, the court did not respond to Maddox.  Instead, the court sent Ortiz a copy of Maddox's letter and another copy of the Dismissal Order, explaining again what Ortiz had to do to properly amend his claims.  ECF No. 13.  The court then extended the date for filing an Amended Petition.  ECF No. 14.

On September 29, 2016, Ortiz filed an Amended Petition.  Am. Pet., ECF No. 15.  The Amended Petition complied with the court's directions, and it appeared that Ortiz had personally signed it, although he again stated that he was illiterate and "unschooled in legal issues."  *Id.*, PageID #114.  Ortiz did not indicate that he had had assistance with the Amended Petition.

On October 17, 2016, the court issued a Preliminary Order to Show Cause ("OSC") and Answer the Amended Petition.  OSC, ECF No. 16.  The OSC directed Ortiz to explain on or before November 28, 2016, why the Amended Petition should not be dismissed as time barred under

3

28 U.S.C. § 2244(d).  The OSC set Respondent's deadline for filing an Answer or dispositive motion on January 9, 2017.  The OSC stated that the Answer or motion should address, among other things, Ortiz's response to the OSC.

On November 28, 2016, prison officials received Ortiz's presumed Response to the OSC for filing with the court.  *See* ECF No. 19 1 (Response envelope). Maddox drafted this document, which was not personally signed by Ortiz.  If Ortiz approved this Response, but was unable to sign it, it is timely.  *See* Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing.").

On December 1, 2016, Respondent electronically filed a Preliminary Response to the Petition and OSC. ECF No. 18 (filestamped 3:53 p.m.).  This was before Respondent received Ortiz's Response to the OSC. Respondent asserted that Ortiz's claims were

4

statutorily time barred and briefly argued that, because Ortiz had failed to respond to the OSC, he had failed to establish any basis for equitable tolling of the statute of limitation.

Several minutes later, the court received and file stamped the Response to the OSC and certificate of service.  ECF No. 19 (filestamped 4:00 p.m.).  The Clerk docketed Ortiz's Response the next day, December 2, 2016. 2016.

With the Response, Maddox also submitted a Request to Enter Brief of Amicus Curiae ("Request").  ECF No. 20.  Maddox stated that he was making the request because Ortiz was illiterate and "tests at or near to Third Grade levels."  *Id.*, PageID #179.  Maddox said that he had prepared Ortiz's state post conviction petition three years earlier, but had had "no direct contact with" Ortiz, "no means whatsoever to speak with or communicate with" Ortiz, and had not seen Ortiz "for a long time."  *Id.*

## II.   **DISCUSSION**

Neither Ortiz's Response (as drafted by Maddox), nor Respondent's Preliminary Answer is responsive to this court's directions in the OSC.

First, Ortiz has not personally signed the Response to the OSC, and there is no indication that he has reviewed and approved its contents.  *See* Fed. R. Civ. P. 11; Local Rule for the District of Hawaii LR10.2(e); *cf.*, 28 U.S.C. § 2242 (stating that applications for writ of habeas corpus "shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf").

Second, the court will not allow Maddox to file the Response on Ortiz's behalf.  Maddox is not, to this court's knowledge, a lawyer.  He is admittedly "unschooled" and unlicensed to practice law, and may not file documents nor pursue relief on Ortiz's behalf in this action.  *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("[T]he privilege to represent oneself pro se provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities.") (citation omitted); *C.E.*

6

*Pope Equity Trust v. U.S.*, 818 F.2d 696, 697 (9th Cir. 1987) (stating nonattorney may not appear or seek relief on behalf of others).  Also, Maddox specifically states that he has not communicated with Ortiz in months, if not longer.  *See* Maddox's Request, ECF No. 20, PageID #179 ("The Applicant has not seen personally the Petitioner for a long time.").

Further, to the extent Maddox intends to act as "next friend" to Ortiz, Maddox fails to address the "two firm prerequisites" for attaining such status: (1) he fails to provide an adequate explanation  such as inaccessibility, mental incompetence, or other disability  as to why Ortiz cannot appear on his own behalf to prosecute the action; and (2) Maddox makes no showing that he is "truly dedicated to the best interests of the person the Next Friend seeks to represent."  *See Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).  The record does not support a finding that either factor applies here.

Moreover, even if Maddox were permitted to assist Ortiz, and, even if he and Ortiz were in regular

7

contact and Ortiz had approved and signed the Response, the Response would still have been deficient because it does not adequately address the primary question of whether Ortiz is time barred from pursuing this action. That is, the Response does not analyze whether Ortiz is entitled to equitable tolling of the statute of limitation set forth in 28 U.S.C. § 2244(d), based on his alleged illiteracy or any other reason.

Nothing in the record shows that Ortiz faced extraordinary circumstances, whether because of his inability to read and write or otherwise, while nonetheless diligently trying to pursue his rights. *Holland v. Florida*, 560 U.S. 631, 649 (2010).  Ortiz clearly obtained assistance from Maddox and others in the past, was able to file *two* state post conviction petitions (one in 2007 and another in 2013), and was apparently aware of his federal claims as early as 2005, when he first sought the Federal Public Defender's assistance.  These facts considerably undercut any argument for equitable tolling of the limitation period.  Ortiz bears the burden of showing

that equitable tolling is appropriate; he has not met that burden to date.  *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Finally, because Respondent filed the Preliminary Response to the OSC without taking into account the prison mailbox rule noted earlier in this Order, the Preliminary Response fails to adequately address whether Ortiz is entitled to equitable tolling.  It is unclear why, despite Ortiz's consistent statements that he is illiterate in nearly every document that he has filed in this case, Respondent states that "the State is [un]aware of any reason why equitable tolling would apply."  Preliminary Answer, ECF No. 18, PageID #132. This court cannot tell, for example, whether Respondent has investigated Ortiz's prison administrative file or any public record outside of this case that might reveal whether Ortiz's illiteracy prevented him from timely filing a federal petition before April 24, 1997, the date the statute of limitation expired on Ortiz's claims, or even within one year of the holding in

*Apprendi v. New Jersey*, 530 U.S. 466 (2000).  *See* OSC, ECF No. 16, PageID #121.

Consequently, the court will set a hearing, as set forth below, to allow Ortiz to *orally* explain the extent of his illiteracy, what efforts he took to pursue his rights, and why he was unable to timely file a federal petition for writ of habeas corpus within one year after the Anti Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, or within one year of June 26, 2000, the date that *Apprendi* was decided.

Respondent should be prepared to respond orally to Ortiz's explanation.  Respondent may submit documents showing Ortiz's level of education, degree of literacy, and any activity showing that Ortiz is not entitled to equitable tolling of the statute of limitation, but Respondent must ensure that prison officials have read this Order and any documents Respondent intends to submit to Ortiz *before* the hearing, and should be prepared to explain these documents to Ortiz on the record at the hearing.

## III. CONCLUSION

(1) A hearing is hereby scheduled for **Monday, February 6, 2017, at 9:45 a.m.** Ortiz should be prepared to explain how his alleged inability to read and write prevented him from timely challenging his conviction and sentence in the federal court.

(2) Respondent is DIRECTED to ensure that someone at the prison has read this Order to Ortiz.

(3) Respondent may submit any documents tending to refute Ortiz's claims that he is illiterate and was therefore unable to pursue relief on his claims in this court on or before **Monday, January 30, 2017.** Respondent must ensure, however, that Ortiz receives any documents submitted to the court **at least three working days before the hearing,** and that these documents have been timely read to Ortiz.

(4) The court will thereafter decide whether to schedule further hearings or to request more briefing.

(5) Maddox's Request to Enter Brief of Amicus Curiae, ECF No. 20, is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii; December 22, 2016.



    /s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Ortiz v. Taylor,* 1:16-00259 SOM/KSC; OSCs Hab 2016 Ortiz som 16 259 (set hrg re illiteracy dny amicus); G:\jgross\000 CMECF.emailed for filing\2016 emailed for filing\12.22 Ortiz 16 259 som (set hrg re illiteracy dny amicus).wpd