IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| LARRY JAMES ORTIZ, #A0053511,<br><br>        Petitioner,<br><br>    vs.<br><br>JOSEPH TAYLOR,<br><br>        Respondent. | CIV. NO. 16 000259 SOM/KSC<br><br>ORDER REGARDING PETITIONER'S LEGAL FILES |

## ORDER REGARDING PETITIONER'S LEGAL FILES

On February 13, 2017, the court held a second hearing on Respondent's contention that Petitioner's habeas corpus action brought under 28 U.S.C. § 2254 was untimely. It is apparent that there is some confusion regarding the court's previous orders and the parties' responsibilities in supporting their positions.

First, while the court has no objection to Petitioner's presence in court, the court did not, at the time it scheduled the Preliminary Hearing for February 6, 2017, expect that Petitioner would be flown from Arizona to Hawaii to attend that hearing in person. See ECF No. 21. To the contrary, pursuant to the Local Rules for the District of Hawaii, the court

expected Petitioner to appear through video or telephone conference.  *See* Local Rule LR99.16.1.  Petitioner's continued presence in Hawaii is not required, but the court leaves that issue to Respondent's discretion.  This court only notes that it never required Petitioner's physical presence in Hawaii and has conducted many other hearings with prisoners who have participated by telephone or videoconference.

Second, having brought Petitioner to Hawaii, Respondent should have ensured that Petitioner's legal documents accompanied him.  Neither Respondent nor Assistant Warden Ben Griego adequately explained why Petitioner was given some but not all of his legal documents when he was transported to Hawaii.  The court does not know whether Petitioner requires all of his boxes now in storage in Arizona, but his complaint that he is unable to support his equitable tolling claims without his documents appears reasonable.

Accordingly, while Petitioner remains in Hawaii, which the court is not requiring, he must have access to his legal files.  Respondent is ORDERED to ensure

that prison officials deliver Petitioner's legal materials to him in Hawaii on or before **February 27, 2017.** To be clear, prison officials need not send all of Petitioner's property to Hawaii. Rather, only his legal materials are required. If, however, separating Petitioner's legal and nonlegal property might give prison authorities unauthorized access to Petitioner's privileged or confidential materials outside of Petitioner's presence, Respondent must (1) notify this court in writing within three days of this Order, and (2) propose a solution to such issue.

Third, if Respondent intends to rely on statements by prison officials or others, such statements must be filed under penalty of perjury. If Respondent intends to rely on records, they must be properly authenticated. *See* Rule 7, Rules Governing Section 2254 Cases in the United States District Courts.

The continued hearing set for March 17, 2017, will address the timeliness of Petitioner's request for relief under 28 U.S.C. § 2254. Petitioner appears to be arguing that the limitations period should be

equitably tolled, so Respondent is directed to address that matter.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii; February 13, 2017.



    /s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Ortiz v. Taylor,* 1:16-00259 SOM/KSC; OSCs Hab 2016 Ortiz som 16 259 (2d hrg illit.)